JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Domestic Relations Judge Kathleen O'Malley that adopted the decision of Magistrate Mary C. LoPresti, granting a divorce to appellee Marilyn J. Kehn and appellant James M. Kehn and distributing the parties' assets. Kehn claims the judge erred in making the distribution and in awarding Ms. Kehn attorney's fees. We affirm.
 {¶ 2} In September of 2000, then fifty-six-year-old Ms. Kehn filed her complaint for divorce after twenty-seven years of marriage, and fifty-six year-old Kehn counterclaimed for divorce. While pretrial proceedings were ongoing, Kehn's lawyer moved to withdraw citing medical reasons, the judge granted the motion and Kehn, a practicing attorney, proceeded pro se.
 {¶ 3} On November 5 and 6, 2001, the magistrate held an evidentiary hearing and, on January 4, 2002, issued a decision. Kehn timely filed objections to the decision but did not submit a transcript of the hearing, or any part thereof, to the judge. The introductory paragraph of his objections stated:
 {¶ 4} "All proceedings were duly heard before a court reporter, and the entire transcript of proceedings will be ordered and submitted to the Court upon receipt thereof for consideration with the Objections of the Defendant herein filed. Upon receipt of the transcript of proceedings it may be necessary for Defendant to supplement these Objections based upon counsel's review of the transcript of proceedings."
 {¶ 5} Kehn then submitted his objections "[w]ithout limiting any further Objections that may be deemed necessary in supplemental filings upon review of the transcript of proceedings[.]" He did not file a request for an extension of time in order to obtain the transcript, nor did he submit any supplemental objections or request leave to do so.
 {¶ 6} On February 5, 2002, the judge overruled his objections, specifically noting that "as of January 30, 2002, no transcript had been ordered from the court reporter and no leave has been requested to obtain the transcript." Six days later she entered judgment adopting the magistrate's decision and granting the divorce. Kehn asserts four assignments of error:
 {¶ 7} "I. The trial court abused its discretion and committed prejudicial error finding the defendant-appellant had engaged in financial misconduct.
 {¶ 8} "II. The trial court abused its discretion and committed prejudicial error in determining defendant committed financial misconduct by reducing his work load.
 {¶ 9} "III. The trial court abused its discretion and committed prejudicial error failing to find a valid partnership agreement concerning the assets of 29110 Corporation and the real property located at 29110 Euclid Avenue, Wickliffe, Ohio.
 {¶ 10} "IV. The trial court abused its discretion and committed prejudicial error in its award of attorney fees."
 {¶ 11} All four assignments are affected by Kehn's failure to submit a transcript to the judge along with his objections. He claims, in his statement of the case submitted with his appellate brief, that he requested leave to file the transcript and supplemental objections but that, because of his inexperience with domestic relations court practice, his request did not comply with applicable local rules. A review of his objections, however, do not show any request for leave, but only a statement that the transcript would be ordered and filed — and the judge noted that the transcript had not even been ordered over two weeks after he filed his objections. Moreover, he has not assigned error to the judge's failure to consider the transcript prior to ruling on the objections, and there is no indication that this is the type of plain error cognizable for the first time on appeal.[1]
 {¶ 12} Among other things, in a domestic relations case a pro se litigant is ordinarily held to the same standards of competence as any lawyer, and will not be exempted from procedural rules based on inexperience.[2] Therefore, even if we were inclined to consider the issue, we would not find plain error.[3] Because Kehn did not submit a transcript or affidavit of evidence to the judge, we must accept the magistrate's factual findings as true; our review, therefore, is limited to determining whether the judge abused her discretion in applying the law to those facts.[4] All of the assignments of error, however, challenge the magistrate's factual findings and are not cognizable here.[5]
 {¶ 13} The magistrate found that, without Ms. Kehn's knowledge, Kehn sold stock held in her name by forging her signature and deceived her concerning his use of those funds. She also found that Kehn had voluntarily reduced his workload to two days a week, reducing his annual income from $80,000-$90,000 to $23,000 in 1998 and $18,600 in 1999, and that even if he used the stock proceeds for legitimate expenses "the need to liquidate the stock for that purpose was a direct result of his own decision" to reduce his workload and income. She found that Kehn had improperly spent $43,000 of a $105,000 structured settlement payment by giving his legal secretary a $10,000 bonus and writing himself a check for $33,000 from those funds during the pendency of the divorce, in violation of a May 16, 2001, restraining order. She also attributed all the assets of a business known as "the Sand Bar" to Kehn because he was the sole shareholder of the corporation that owned the business, and found that he had presented no evidence to support his claim that his brother owned a one-half interest. Finally, she found that an award of attorney's fees was justified because Kehn was able to pay and had delayed and prolonged the litigation by, among other things, failing to comply with discovery requests and failing to cooperate in the sale of the marital home.
 {¶ 14} All of Kehn's assignments challenge the magistrate's factual findings, while we are confined to reviewing only the legal conclusions. He claims that the stock sale and the $43,000 in payments from the settlement award were used for legitimate expenses and cannot be labeled misconduct, but he cannot offer any evidence showing the legitimacy of those expenses. Therefore, the magistrate's findings of fact control. Similarly, although he claims that the evidence showed his reduced workload was necessary and that his brother owned a one-half interest in the Sand Bar, the magistrate made contrary findings that control both issues: she found that Kehn voluntarily chose to reduce his workload and income and that he failed to show that his brother owned any interest in the business. Finally, Kehn claims that the award of attorney's fees is unjustified because his earning capacity makes him unable to pay for it, but this argument again depends on the factual claim that his reduced workload is involuntary, which claim the magistrate rejected. Therefore, without a basis for assessing the magistrate's factual findings, none of Kehn's assignments of error can be sustained.
 {¶ 15} The only legal argument Kehn raises is his claim that the May 16, 2001, restraining order improperly prevented his use of the $105,000 settlement payment because it violated Domestic Relations Division guidelines for the imposition of ex parte orders. The guidelines state that an ex parte order should not be imposed to restrain "disbursement or withdrawal from a business account."[6] This argument, however, also fails because it depends on a factual claim that Kehn cannot establish. The May 16, 2001, order specifically restrained him from dissipating any of the proceeds of the $105,000 settlement payment, and Kehn has not disputed the magistrate's factual finding that he spent those funds in violation of the order. He claims only that the funds were part of a "business account" that should not have been restrained, but there is no evidence properly in the record before us to show that the funds were or should have been considered part of a business account. Moreover, because Kehn did not move to dissolve the order[7] he forfeited his right to object to it on appeal and we do not find plain error.[8]
 {¶ 16} Finally, the magistrate's finding that Kehn committed financial misconduct when he disposed of the funds is not necessarily dependent on the validity of the restraining order, because she also found that he failed to show the legitimacy of the $43,000 expenditures he made. The assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE JR., J., AND DIANE KARPINSKI, J., CONCUR
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R.22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68,759 N.E.2d 1240.
[2] Balwas v. Balwas (Sept. 7, 2000), Cuyahoga App. No. 75946.
[3] Barnes, supra.
[4] Civ.R. 53(E)(3)(b); State ex rel. Duncan v. Chippewa Twp.Trustees, 73 Ohio St.3d 728, 730, 1995-Ohio-272, 654 N.E.2d 1254.
[5] Id.
[6] Court of Common Pleas of Cuyahoga County, Domestic Relations Division, Guidelines for the Granting of Ex Parte Motion for Temporary Restraining Orders in Domestic Relations Cases, section B.7.
[7] Loc.R. 24(C), Court of Common Pleas of Cuyahoga County, Domestic Relations Division.
[8] Barnes, 94 Ohio St.3d at 27.